IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>JAIME FARIAS-LOPEZ,<br><br>                  Defendant. | CASE NO. 1:10-CR-00168-AWI-BAM-2<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because the offense level for drug quantity attributable to the defendant was not modified by Amendment 782. The Court will deny the defendant's motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously

sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In this case, the final Presentence Report recommended a base offense level of 34 pursuant to USSG § 2D1.1, as the amount of methamphetamine involved in the case was 11 kilograms of actual methamphetamine and the defendant was eligible for a four-level mitigating role reduction. *See* U.S.S.G. § 2D1.1(a)(5)(A) and (B)(iii). The sentencing court then applied a two-level enhancement for possession of a firearm, U.S.S.G. § 2D1.1(d)(1), a two-level minor role reduction, U.S.S.G. § 2D1.1(a)(5)(A), a three-level downward departure for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and a two-level safety valve reduction, U.S.S.G. 5C1.2, resulting in a total offense level of 29. Under the amended guideline, the base offense level for 11 kilograms of methamphetamine is still 34. *See* U.S.S.G. § 2D1.1(c)(1). At the established criminal history category of I and – applying the same enhancements and reductions originally applied – the same total offense level of 29, the defendant's sentencing range remains 87 to 108 months. Because the pertinent amendment does not result in a different sentencing range, the defendant is not eligible for a sentencing reduction pursuant to Title 18, United States Code, Section 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009).

IT IS HEREBY ORDERED that defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:   November 10, 2015                    _____
                                               SENIOR DISTRICT JUDGE